IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD FALLER,
as Trustee of the Donald Mark
Faller Trust, Amended and
Restated on October 21, 2015,
and Individually, and as
Court-Appointed Guardian
of KRYSTN JUDITH FALLER,

     Case No. _____

    Plaintiffs,

vs.

CASA BAHIA AT WESTSHORE
YACHT CLUB CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## PARTIES, JURISDICTION AND VENUE

    1.    This Complaint contains actions seeking injunctive relief under federal and state law, and money damages under federal and state law which exceed $75,000 exclusive of attorneys' fees, costs and interest.

    2.    Plaintiff Donald Faller is a resident of Hillsborough County, Florida.

    3.    The Donald Mark Faller Trust, Amended and Restated on October 21, 2015 ("the Trust"), was executed and is administered in this District, and is subject to the laws of the state of Florida. Donald Faller ("Donald Faller as Trustee") is the Trustee of the Trust.

1

4. Donald Faller is the Guardian of his sister, Krystn Judith Faller, pursuant to an Order entered in the Circuit Court in and for Osceola County, Florida.

5. Krystn Judith Faller is a resident of Osceola County, Florida, and has at material times resided in Hillsborough County, Florida.

6. Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc. (the "Association") is Florida not-for-profit corporation, organized and existing under Chapter 718, Florida Statutes, to provide a corporate entity under the provisions of Section 718.111, for operation of Casa Bahia at Westshore Yacht Club, a Condominium ("Casa Bahia").

7. Casa Bahia is located in Hillsborough County, Florida.

8. The Trust is owner in title of unit 201 at Casa Bahia ("Unit 201").

9. Plaintiff Donald Faller resides in Unit 201, and Krystn Judith Faller resides periodically in Unit 201.

10. This Court has jurisdiction over this cause under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

11. Venue is proper in this Court, as all events giving rise to this action occurred within this District, all parties reside in this District, and all requested injunctive relief would be performed in this District.

12. All conditions precedent to the filing of this action have occurred, or have been waived or satisfied.

## GENERAL ALLEGATIONS

13.     Krystn Judith Faller suffers from autism and other disorders which create physical and mental impairments that substantially limit one or more of her major life activities.

14.     Krystn Judith Faller is a person with a "handicap" as that term is used in the Fair Housing Act, at 42 U.S.C. § 3602(h).

15.     As a result of Krystn Judith Faller's impairments, Donald Faller is her Guardian and caregiver, and she resides, on a permanent basis, in a facility for persons with disabilities and infirmities located in Osceola County, Florida.

16.     On or about March 27, 2020, the Trust became the owner of Unit 201. For most of the remainder of 2020, Plaintiffs did not reside in Unit 201 on a regular basis.

17.     On or about December 1, 2020, Plaintiff Donald Faller moved into Unit 201, intending to reside there on a full-time basis. Plaintiffs also intended at that time that Krystn Judith Faller would reside in Unit 201 for about two weeks of every month, residing the remainder of each month in the facility in Osceola County.

18.     Shortly after moving into the unit, Donald Faller suffered respiratory, gastrointestinal and neurological ailments, including sinusitis, shortness of breath, infections, and headaches.

19.     Shortly after moving into the unit, Krystn Judith Faller also suffered respiratory, gastrointestinal and neurological ailments, including shortness of breath, gastrointestinal infections, and depression. It is medically common for persons on the autism spectrum to be far more vulnerable to environmental and airborne illnesses than non-disabled

persons. The impact of such symptoms on Krystn Judith Faller was far more traumatic for Krystn Judith Faller, resulting in multiple hospitalizations.

20.     A few months after moving into the unit, as rains became more frequent, Donald Faller discovered substantial water intrusion at the exterior walls of two bedrooms. The water intrusion initially manifested most clearly at the baseboards on the bottom of the inside face of the exterior walls. It was apparent that water was entering through either the walls or windows.

21.     The exterior walls and windows of Unit 201 are common elements of Casa Bahia. The Association has the duty and authority to repair and maintain such common elements, under Chapter 718, Florida Statutes and paragraph 7.1 of the Declaration of Condominium for Casa Bahia at Westshore Yacht Club, a Condominium (the "Declaration").

22.     In April 2021, promptly after observing signs of water intrusion into Unit 201, Donald Faller placed the Association on notice of the problem and demanded its repair.

23.     The Association took no substantial action in response to Donald Faller's initial notice. The Association hired a contractor to dry out the affected areas, and effort that was unsuccessful. Subsequently, at the direction of the Association, the contractor removed 6" of drywall and the baseboards. Upon doing so, the Association and the contractor could readily see widespread black mold within the cavity behind the drywall and on the drywall and baseboard material Thereafter, the Association directed the contractor to simply replace the removed components, which would conceal the black mold conditions. While giving such instruction, the Association possessed the contractor's report which showed significant mold and related damage, all of which was withheld from Donald Faller, for weeks.

24. During the months following initial discovery and notice in April, the water intrusion problem continued, and the residents' above-described ailments worsened. During this time, Donald Faller repeatedly and continuously notified the Association of the worsening conditions, and the Association continued to do nothing to remedy them.

25. After months of Association inaction and irresponsibility, and being unable to comfortably reside in Unit 201, Donald Faller took steps to mitigate the problem, retaining his own mold testing and assessment firm, and another contractor to remove and replace damaged drywall and baseboards. Instead of taking responsibility and arranging for such work, the Association consented to Donald Faller doing so, and later agreed to reimburse Donald Faller for the related costs.

26. In performing this work the contractor, having not foreseen that mold grown might be rampant inside an exterior cavity wall that had been leaking for years, took no steps to contain the air that escaped from the exposed cavity space, thereby allowing microbes to become entrained throughout Unit 201's air conditioned spaces and air conditioning systems.

27. As with all prior conditions, Donald Faller reported the mold conditions to the Association. In response, instead of doing utterly nothing as had been the Association's prior practice, the Association retained a contractor to enter Unit 201 and replace the baseboards, to simply conceal the mold condition rather than taking any steps to remediate it.

28. After further Association inaction and irresponsibility, and still being unable to comfortably reside in Unit 201, and now aware that Unit 201 was infested with widespread mold and microbial growth, Donald Faller evacuated his home.  Donald Faller took steps to test, remove and remediate the conditions.. He arranged for and obtained mold and microbial testing of Unit 201, and thereafter retained a contractor to remove and remediate the problem.

29. As with the prior work, instead of taking responsibility and arranging for mold testing and repairs, the Association consented to Donald Faller doing so, and later agreed to reimburse Donald Faller for the related costs.

30. The above-described mold remediation required removal of the drywall on the interior of the exterior walls, along with all components of the cavity space, down to the bare masonry block surface. After removal of the interior surfaces down to the masonry block, it was apparent that the exterior wall continues to leak and continues to allow water intrusion into Unit 201.

31. As he had done previously, Donald Faller advised the Association of the state of the work, and demanded that the Association arrange to repair the leak in the exterior walls or windows and restore the wall system, including replacement of any insulation, membrane materials, drywall, and baseboards.

32. Instead of acquiescing in Donald Faller arranging for this work to be done at the Association's expense, as the Association had previously done in lieu of accepting responsibility for performing repairs, the Association refused to permit anyone to restore the exterior walls of Unit 201. In connection with such refusal, the Association has advised that it will repair units only on an "as needed" basis, and has not taken action to curtail water leaks from the outside.

33. As a result of such refusal, Donald Faller is forced to reside in a home that is actively leaking water through its walls and/or windows, and in which the exterior walls remain indefinitely in a state of incomplete construction.

34. Also, as a result of such refusal, Krystn Judith Faller is entirely deprived of the ability to enter or reside in the home. Instead, she is required to remain permanently in the

facility in Osceola County, and is deprived of the invaluable time she would otherwise be spending with her brother and caregiver.

35. In addition to demanding, since the damage to Unit 201 was first discovered, that the Association repair the leak, remediate the mold, and restore the building components, all of which are common elements, Donald Faller has repeatedly advised the Association of the impact the problems have had on Krystn Judith Faller, and of her present inability to enter and reside in Unit 201. In response to Donald Faller's insistence that the Association accommodate Krystn Judith Faller's disability by performing necessary repairs to common elements at Unit 201, the Association has done nothing.

36. Until after Donald Faller moved into Unit 201 and significant rain events occurred, Donald Faller was unaware of water intrusion into his unit. From his perspective, the water intrusion and resulting property damage and mold were latent.

37. The conditions discovered by Donald Faller were not latent from the perspective of the Association, because while Donald Faller moved into Unit 201 less than one year ago, the water intrusion condition has existed for many years, throughout many of the Condominium units. In addition, the Association brought suit against the developer and builder of the Condominium in 2019 alleging, among other defects, widespread problems with sealing and water penetration through and around the windows.

38. Defendants' actionable conduct as alleged in this Complaint has required Plaintiffs to retain counsel to pursue relief on their behalf. Plaintiffs have agreed to pay counsel a reasonable attorneys' fee, and have agreed to reimburse counsel's expenses incurred in relation to their claims.

## COUNT I
### Faller as Trustee – Breach of Declaration – Damages and Injunctive Relief

39. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 38 above.

40. The Association is obligated, under paragraph 7.1 of the Declaration, to repair the common elements of the Condominium, including the exterior walls and windows.

41. By refusing to perform repairs to common elements at Unit 201, and by failing to reimburse Donald Faller as Trustee for repairs already performed on the Association's account, the Association has breached, and continues to breach, its duties under the Declaration.

42. As a result of such breaches, Donald Faller as Trustee has suffered and continues to suffer substantial money damages, including costs of repairs already performed, and costs of further necessary repairs.

43. In addition, the existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration render Unit 201 uninhabitable for Donald Faller and Krystn Judith Faller.

44. As to the existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration, Donald Faller as Trustee is entitled to an injunction compelling the Association to perform the repairs for which it refuses to stand responsible.

45. As to the existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration, Donald Faller as Trustee has no adequate remedy at law, in so far as the Association has, and continues to disregard, a continuing duty to repair the deleterious conditions, and in so far as each Director of the

8

Association has, and continues to disregard, a fiduciary duty to the unit owners to repair and maintain the common elements so as to create units that are inhabitable. The Association has demonstrated that it will not promptly repair the defects, notwithstanding the fact that the defects prevent occupancy of Unit 201 by Plaintiffs. Money damages for loss of use will not remedy Krystn Judith Faller's inability to reside in a place other than the special care facility, away from her brother and caregiver.

WHEREFORE, Plaintiff Donald Faller, as Trustee of the Donald Mark Faller Trust, Amended and Restated on October 21, 2015, prays:

- For judgment against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., for the full amount of his damages; and
- That the Court fashion and award injunctive relief substantially as alleged above to rectify the Plaintiffs' inability to occupy Unit 201; and
- For an award of reasonable attorneys' fees and expenses, pursuant to Paragraph 20.3 of the Declaration and section 718.303(1), Florida Statutes; and
- For an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT II
### Krystn Judith Faller – Discrimination Under Fair Housing Act

46.    Plaintiff incorporates and realleges the allegations of paragraphs 1 through 38 above.

47.    This is an action pursuant to 42 U.S.C. § 3613 of the Fair Housing Act.

48.    The existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration render Unit 201 uninhabitable for Krystn Judith Faller.

49. Krystn Judith Faller has repeatedly requested and demanded, through her brother, caregiver and Guardian Donald Faller, that the Association expeditiously remedy the deleterious conditions at Unit 201, so that she may enter into and reside in the property.

50. Notwithstanding repeated requests and demands, the Association has refused, and continues to refuse, to remedy the defective conditions.

51. The Association's actions constitute violations of the following provisions of the Fair Housing Act, each of which constitutes a discriminatory housing practice:

   a. 42 U.S.C. § 3604(f)(1)(B), which makes it unlawful to make unavailable or deny a dwelling because of a handicap of a person residing in or intending to reside in the dwelling; and

   b. 42 U.S.C. § 3604(f)(3)(A), which makes it unlawful to refuse to permit reasonable modifications to existing premises that are necessary to afford a handicapped person with full enjoyment of the premises; and

   c. 42 U.S.C. § 3604(f)(3)(B), which makes it unlawful to refuse to make reasonable accommodations in the Association's rules, policies, practices, or services, where such accommodations are necessary to afford a handicapped person with an equal opportunity to use and enjoy the dwelling.

52. The Association's prior discriminatory housing practices have caused damages to Krystn Judith Faller, including physical pain and suffering, mental and emotional pain and suffering, the loss of support and services of her brother and caregiver, and medical and hospitalization expenses.

53. The Association's continuing discriminatory housing practices are causing further damage to Krystn Judith Faller, entitling her to an injunction compelling the Association to perform the repairs for which it refuses to stand responsible.

54. Krystn Judith Faller has no adequate remedy at law, in so far as the Association has, and continues to disregard, a continuing duty to repair the deleterious conditions, and in so far as each Director of the Association has, and continues to disregard, a fiduciary duty to the unit owners to repair and maintain the common elements so as to create units that are inhabitable. The Association has demonstrated that it will not promptly repair the defects, notwithstanding the fact that the defects prevent occupancy of Unit 201 by Krystn Judith Faller. Money damages for loss of use will not remedy Krystn Judith Faller's inability to reside in a place other than the special care facility, away from her brother and caregiver.

WHEREFORE, Plaintiff Krystn Judith Faller prays:

- That the Court enter judgment in her favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., for the full amount of her damages, pursuant to 42 U.S.C. § 3613(c)(1); and

- That the Court fashion and award injunctive relief substantially as alleged above in her favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., to rectify her inability to occupy Unit 201; and

- To rectify her inability to occupy Unit 201, pursuant to 42 U.S.C. § 3613(c)(1); and

- For an award of reasonable attorneys' fees and expenses, pursuant to section 42 U.S.C. § 3613(c)(2); and

- For an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT III
### Krystn Judith Faller – Breach of Declaration – Damages and Injunctive Relief

55. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 38 above.

56. The Association is obligated, under paragraph 7.1 of the Declaration, to repair the common elements of the Condominium, including the exterior walls and windows.

57. By refusing to perform repairs to common elements at Unit 201, the Association continues to act in derogation of its duties under the Declaration.

58. The existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration render Unit 201 uninhabitable for Krystn Judith Faller.

59. Under section 718.303(1), Krystn Judith Faller is a "tenant or other invitee" with standing to sue the Association for a breach of the Declaration, and for injunctive relief flowing from such breach.

60. Krystn Judith Faller's exposure to the leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration have caused damages to Krystn Judith Faller, including physical pain and suffering, mental and emotional pain and suffering, the loss of support and services of her brother and caregiver, and medical and hospitalization expenses.

61. Krystn Judith Faller is entitled to an injunction compelling the Association to perform the repairs for which it refuses to stand responsible.

62. Krystn Judith Faller has no adequate remedy at law, in so far as the Association has, and continues to disregard, a continuing duty to repair the deleterious conditions, and in so far as each Director of the Association has, and continues to disregard, a fiduciary duty to

the unit owners to repair and maintain the common elements so as to create units that are inhabitable. The Association has demonstrated that it will not promptly repair the defects, notwithstanding the fact that the defects prevent occupancy of Unit 201 by Krystn Judith Faller. Money damages for loss of use will not remedy Krystn Judith Faller's inability to reside in a place other than the special care facility, away from her brother and caregiver.

WHEREFORE, Plaintiff Krystn Judith Faller prays:

- That this Court enter judgment against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., for the full amount of her damages; and

- That the Court fashion and award injunctive relief substantially as alleged above in her favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., to rectify her inability to occupy Unit 201; and

- For an award of reasonable attorneys' fees and expenses, pursuant to section 718.303(1), Florida Statutes; and

- For an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT IV
### Donald Faller – Breach of Declaration – Damages and Injunctive Relief

63. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 38 above.

64. The Association is obligated, under paragraph 7.1 of the Declaration, to repair the common elements of the Condominium, including the exterior walls and windows.

65. By refusing to perform repairs to common elements at Unit 201, the Association continues to act in derogation of its duties under the Declaration.

66. The existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration render Unit 201 uninhabitable for Donald Faller.

67. Under section 718.303(1), Donald Faller is a "tenant or other invitee" with standing to sue the Association for a breach of the Declaration, and for injunctive relief flowing from such breach.

68. Donald Faller's exposure to the leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration have caused damages to Donald Faller, including physical pain and suffering, mental and emotional pain and suffering, the loss of companionship and services of his sister, and medical and hospitalization expenses.

69. Donald Faller is entitled to an injunction compelling the Association to perform the repairs for which it refuses to stand responsible.

70. Donald Faller has no adequate remedy at law, in so far as the Association has, and continues to disregard, a continuing duty to repair the deleterious conditions, and in so far as each Director of the Association has, and continues to disregard, a fiduciary duty to the unit owners to repair and maintain the common elements so as to create units that are inhabitable. The Association has demonstrated that it will not promptly repair the defects, notwithstanding the fact that the defects prevent occupancy of Unit 201 by Donald Faller. Money damages for loss of use will not remedy Donald Faller's inability to reside in his own home, or will it remedy his inability to accommodate his sister, for whom is Guardian and caregiver.

WHEREFORE, Plaintiff Donald Faller prays:

- That this Court enter judgment against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc. for the full amount of his damages; and

- That the Court fashion and award injunctive relief substantially as alleged above in his favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., to rectify his inability to occupy Unit 201; and

- For an award of reasonable attorneys' fees and expenses, pursuant to section 718.303(1), Florida Statutes; and

- For an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT V
### Krystn Judith Faller and Donald Faller – Negligence

71. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 38 above.

72. The Association owes to Plaintiffs a duty to keep the common elements of the Condominium in safe and good working order.

73. The Association has acted, and is acting, unreasonably and in breach of its duty of care by refusing and failing to repair deleterious conditions that have caused, and continue to cause, injuries to Plaintiffs Krystn Judith Faller and Donald Faller.

74. Krystn Judith Faller's exposure to the leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration have caused damages to Krystn Judith Faller, including physical pain and suffering, mental and emotional pain and suffering, the loss of support and services of her brother and caregiver, and medical and hospitalization expenses.

75. Donald Faller's exposure to the leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration have caused damages to Donald Faller, including physical pain and suffering, mental and emotional pain and suffering, the loss of companionship and services of his sister, and medical and hospitalization expenses.

WHEREFORE, Plaintiffs Krystn Judith Faller and Donald Faller pray:

- That this Court enter judgment in their favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc. for the full amount of their damages; and

- For an award of reasonable attorneys' fees and expenses, pursuant to section 718.303(1), Florida Statutes; and

- For an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT VI
### Petition for Emergency Temporary Injunction

76. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 38, 41 through 45, 47 through 54, 59, 66 through 70, 72, and 73 above.

77. The existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration render Unit 201 uninhabitable for Krystn Judith Faller and Donald Faller.

78. The existing leak conditions, entrained mold and microbes, exposed construction materials, and incomplete repairs and restoration, prevent Donald Faller as Trustee from being able to provide a habitable living space to Krystn Judith Faller and Donald Faller.

79. The Association's conduct constitutes a continuing breach of duties owed to Plaintiffs under the Fair Housing Act, Florida Statutes Chapter 718, the Declaration, and the common law.

80. The Association's continuing breach of duties owed to Plaintiffs has caused, and will continue to cause, substantial harm to Plaintiffs, particularly in terms of the depriving Krystn Judith Faller and Donald Faller of the ability to live in their own home, and to live together.

81. Plaintiffs are entitled to an injunction compelling the Association to perform the repairs for which it refuses to stand responsible.

82. Plaintiffs are entitled to temporary injunctive relief on an expedited because:

  a. Granting the requested relief would not be contrary or adverse to any public interest. The present dispute is limited in effect to a single unit owner in a large condominium, and the outcome will have no outside or public impact.

  b. The threatened injury to Plaintiffs that would be obviated by the requested relief substantial outweighs any prejudice or harm to the Association. In fact, no discernible harm to the Association exists.

  c. The harm being caused to Plaintiffs is irreparable. With each passing day, they are being denied the opportunity to live in their own home, and to live together. For Krystn Judith Faller, who has cognitive and socio-interactive impairments brought about by her neurological disorder, the harm is especially acute. For her, there can be no substitute for spending time in the private residence, with Donald Faller, who is her loving brother and caregiver.

    d.    Plaintiffs have demonstrated through their allegations above, and will further demonstrate through the evidence to be presented in support of this Petition, that they are substantially likely to succeed on the merits of their claims. That is, they are substantially likely to show that the Association has breached, and continues to breach, duties owed to Plaintiffs under federal statutory law, state statutory and common law, and the condominium documents, and that such breaches are causing continuing harm to Plaintiffs.

83.    Plaintiffs have no adequate remedy at law, in so far as the Association has, and continues to disregard, a continuing duty to repair the deleterious conditions, and in so far as each Director of the Association has, and continues to disregard, a fiduciary duty to the unit owners to repair and maintain the common elements so as to create units that are inhabitable. The Association has demonstrated that it will not promptly repair the defects, notwithstanding the fact that the defects prevent occupancy of Unit 201 by Krystn Judith Faller and Donald Faller. Money damages for loss of use will not remedy Krystn Judith Faller's or Donald Faller's inability to reside in their own home, nor will it remedy their inability to live together.

WHEREFORE, Plaintiffs Donald Faller, as Trustee of the Donald Mark Faller Trust, Amended and Restated on October 21, 2015, Donald Faller, and Krystn Judith Faller pray:

- That the Court fashion and award injunctive relief substantially as alleged above in their favor and against Defendant Casa Bahia at Westshore Yacht Club Condominium Association, Inc., to rectify their inability to occupy Unit 201; and

- For an award of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), section 718.303(1), Florida Statutes; and paragraph 20.3 of the Declaration; and

- For an award of costs, interest, and such other relief as this Court may find just and equitable.

Respectfully submitted July 16, 2021

                                  **DOGALI LAW GROUP, P.A.**

                                   /s/*Andy Dogali*
                                  Andy Dogali
                                  Fla. Bar No.: 0615862
                                  19321 U.S. Highway 19 North
                                  Clearwater, FL 33764
                                  Telephone: (813) 289-0700
                                  Facsimile: (813) 289-9435
                                  Email: adogali@dogalilaw.com
                                  Secondary Email: lfair@dogalilaw.com
                                  *Attorney for Plaintiffs*